**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RUNWAY LIQUIDATION HOLDINGS, LLC,<br>*et al.,*[1]<br><br>                          Debtors. | Chapter 11<br><br>Case No. 17-10466 (SCC)<br><br>(Jointly Administered) |
| RUNWAY LIQUIDATION, LLC,<br><br>                          Plaintiff,<br><br>     v.<br><br>FCI GROUP, INC.,<br><br>                          Defendant. | Adv. Proc. No. 19-01042 (SCC) |

## INITIAL PRETRIAL ORDER

The parties have elected to toll discovery pending termination of mediation.

Mediation shall be completed no later than December 13, 2019, and shall be conducted in accordance with Rule 9019-1 of the Local Bankruptcy Rules for the Southern District of New York and the Court's Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings (the "Procedures"); provided, however, that the parties shall have thirty (30) days after the entry of this *Initial Pretrial Order* (the "Order") to select a mediator rather than the seven (7) days provided for in paragraph 2.2(A) of the Procedures.

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

If the matter is settled through mediation, the Plaintiff shall file a notice of settlement with the Court no later than ten (10) days after full execution of settlement agreement.

The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, shall be deemed to have taken place, provided, however, that the parties each reserve their rights regarding issues concerning electronic discovery.

If the matter is not settled through mediation:

Initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) shall be made on or before thirty (30) days after the termination of the mediation.

Fact discovery shall be completed on or before one hundred and twenty (120) days after the termination of the mediation.

Any expert report required pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), not including any report by Plaintiff on insolvency of the Debtors, shall be served by the party that bears the burden of proof for that issue no later than one hundred and fifty (150) days after the termination of the mediation.  If the Defendant intends to provide expert testimony regarding the insolvency of the Debtors, notice of the Defendant's intent to submit any such expert report must be provided no later than one hundred sixty-five (165) days after the termination of the mediation, and any such expert report must be provided no later than one hundred eighty (180) days after the termination of the mediation.  Any expert rebuttal report by Plaintiff on the insolvency of the Debtors shall be provided no later than two hundred ten (210) days after the termination of the mediation.  Any party's expert report intended to rebut any other expert report, including any other expert reports that may be filed earlier than the deadlines established in this paragraph, shall be provided no later than thirty (30) days after the report being rebutted, provided, however, that in no event shall the thirty (30) day period start prior to one hundred

twenty (120) days after the termination of the mediation. All reports shall provide the information required by Fed.R.Civ.P. 26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, no later than two hundred seventy (270) days after the termination of the mediation.

| | |
|---|---|
| Dated: August 8, 2019 | Dated: August 14, 2019 |
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>Counsel to Plaintiff, Runway Liquidation, LLC | **LAW OFFICES OF RAYMOND H. AVER**<br>**A PROFESSIONAL CORPORATION**<br>Counsel for FCI Group, Inc. |
| By: */s/ Beth E. Levine*<br>    Beth E. Levine, Esq.<br>    Andrew W. Caine, Esq. (admitted<br>        *pro hac vice*)<br>    Jason S. Pomerantz, Esq. (admitted<br>        *pro hac vice*)<br>    780 Third Avenue, 34th Floor<br>    New York, NY 10017<br>    Tel.: (212) 561-7700<br>    Fax: (212) 561-7777<br>    Email: blevine@pszjlaw.com<br>           acaine@pszjlaw.com<br>           jspomerantz@pszjlaw.com | By: */s/ Raymond H. Aver*<br>    Raymond H. Aver, Esq.<br>    10801 National Boulevard, Suite 100<br>    Los Angeles, CA 90064<br>    Tel: (301) 571-3511<br>    Email: ray@averlaw.com |

**SO ORDERED:**

August 15, 2019

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE